[Civ. No. 12533. Second Appellate District, Division One.—December 18, 1939.]

SARA ROSAS GARCIA, Petitioner, v. STATE DEPARTMENT OF INSTITUTIONS et al., Respondents.

David C. Marcus for Petitioner.

YORK, P. J.— The petition for a writ of prohibition is denied upon the ground that it does not state facts sufficient to justify this court in issuing its writ as prayed.

Doran, J., concurred.

WHITE, J., Dissenting.—I dissent. Section 6624 of the Welfare and Institutions Code provides that when a person has been lawfully committed to any state hospital who is afflicted with or suffers from certain mental and physical ailments, "before any such person is released or discharged from a state hospital, the State Department of Institutions may, in its discretion, cause such person to be sterilized".

It seems to me that the legislature is without authority to authorize a purely administrative board to deprive a person of the right of procreation without the opportunity of having the finality of such action passed upon by a court of law, and that in so doing there is probable violation of the due process clause of the federal Constitution. It is to be noted that without notice to the inmate upon whom the operation is to be performed and without notice to his next of kin the State Department of Institutions is clothed with absolute unrestricted power to sterilize. In my opinion, the grant of such power should be accompanied by requirements of notice and of hearing at which the inmate might be afforded an oppor-

tunity to defend against the proposed operation. To clothe legislative agencies with this plenary power, withholding as it does any opportunity for a hearing or any opportunity for recourse to the courts, to my mind partakes of the essence of slavery and outrages constitutional guaranties. As was said by our Supreme Court in *Drummey* v. *State Board of Funeral Directors and Embalmers,* 13 Cal. (2d) 75 [87 Pac. (2d) 848]:

"Legislative agencies, with varying qualifications, work in a field peculiarly exposed to political demands. Some may be expert and impartial, others subservient. It is not difficult for them to observe the requirements of law in giving a hearing and receiving evidence. But to say that their findings of fact may be made conclusive where constitutional rights of liberty and property are involved, although the evidence clearly establishes that the findings are wrong and constitutional rights have been invaded, is to place those rights at the mercy of administrative officials and seriously to impair the security inherent in our judicial safeguards. . . . "

If the foregoing be true with reference to the protection of property rights, how much more so should it be applied to the protection of personal rights.

And further in the same case at page 280, it is said:

"Under our system there is no warrant for the view that the judicial power of a competent court can be circumscribed by any legislative arrangement designed to give effect to administrative action going beyond the limits of constitutional authority."

To my mind, the question presented by this application is a serious one and involves the constitutionality of the aforesaid provision of the Welfare and Institutions Code. I feel that an alternative writ should issue, thereby affording a hearing on the question.